United States District Court
Southern District of Texas
**ENTERED**
May 16, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANTE FORTSON, <br> (a/k/a DANTE FORSTON) <br> (a/k/a DANTE FORESTER) <br> (SPN #02355590) <br> Plaintiff, <br><br> vs. <br><br> 230th District Court Judge, et al., <br><br> Defendants. | § § § § § § § § § § § § | CIVIL ACTION H-19-1674 |

**MEMORANDUM AND OPINION**

Dante Fortson, an inmate of the Harris County Jail ("HCJ"), sued in May 2019, alleging civil rights violations resulting from a denial of due process. Fortson, proceeding pro se and in forma pauperis, sues the judge of the 230th Judicial District Court of Harris County, Texas; the Assistant District Attorney for Harris County assigned to the 230th Judicial District Court of Harris County, Texas; and Janet Komorn, court-appointed attorney. Online research reveals that Fortson was charged with engaging in organized criminal activity in Cause Number 161938501010 in the 230th Judicial District Court of Harris County, Texas. The Court takes judicial notice that the judge of the 230th Judicial District Court of Harris County, Texas is Christopher Dean Morton; the Assistant District Attorney for Harris County assigned to the 230th Judicial District Court of Harris County, Texas is Paria Rafiee; and the correct spelling of the court-appointed attorney's name is "Janet K. Kleban."

The threshold issue is whether Fortson's claims should be dismissed as frivolous. The Court concludes that Fortson's claims lack merit and should be dismissed for the reasons stated below.

## I. Fortson's Allegations

Fortson states that on February 6, 2019, he filed a motion for an examining trial as required by Texas Code of Criminal Procedure 16.01. Fortson asserts that Judge Morton denied Fortson an examining trial. Fortson asserts that Assistant District Attorney Rafiee engaged in malicious prosecution in denying Fortson an examining trial. Fortson states that an indictment was filed on March 5, 2019. He complains that Janet K. Kleban rendered ineffective assistance. Fortson seeks $1,500,000.00 in punitive damages.

## II. Standard of Review

A federal court has the authority to dismiss an action in which the plaintiff is proceeding in forma pauperis before service if the court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001)(citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)).

## III. The Claim Based on Trial-Court Error

Judges are afforded absolute immunity when they perform a normal judicial function, unless they are acting in the clear absence of all jurisdiction. *Stump v. Sparkman,* 435 U.S. 349, 357-60

(1978). A judge's jurisdiction is construed broadly; a judge is not deprived of immunity because the action he took was erroneous, malicious, or exceeded his authority. *Id.* at 357. The nature of the function performed governs the immunity analysis. *Forrest v. White*, 484 U.S. 219, 227-229 (1988)(denying judge absolute immunity when performing administrative rather than judicial duties).

Fortson challenges the acts and omissions of Judge Morton, who presided over pre-trial proceedings relating to criminal charges pending against Fortson in Cause Number 161938501010. Reviewing and granting motions filed by the parties are normal judicial functions. The controversy centers around the criminal proceedings that were properly in Judge Morton's court. The complained-of acts against Judge Morton arose out of Judge Morton's handling of the case.

The record is clear that the challenged acts of Judge Morton were judicial acts. Fortson does not allege, nor does the record support, a clear absence of jurisdiction on the part of this judicial officer. Fortson's claims against Judge Morton lack merit because Fortson is seeking relief from a party who is immune from suit.

### IV. The Claim Based on Prosecutorial Misconduct

Fortson seeks damages against an Assistant District Attorney for conduct in the prosecution of the criminal case. Absolute immunity precludes his claim. Prosecutors have absolute immunity from such damages claims. *Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 637 (5th Cir. 2000)(citing *Burns v. Reed*, 500 U.S. 478, 491 (1991)). Prosecutorial immunity applies to a prosecutor's actions in initiating a prosecution and in handling the case through the judicial process. *Id.* Prosecutorial immunity extends to activities "intimately associated with the judicial phase of the criminal process." *Kerr v. Lyford*, 171 F.3d 330, 336 (5th Cir. 1999)(quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). The actions Fortson complains of are related to the judicial process and

were undertaken in furtherance of the attorney's advocacy function in his representation of the government. Assistant District Attorney Rafiee is entitled to absolute immunity from Fortson's suit, and the damages claims against her are dismissed.

## V. The Claim Based on Ineffective Assistance of Counsel

Fortson complains that Janet K. Kleban rendered ineffective assistance when representing him during pretrial proceedings. A cause of action under 42 U.S.C. § 1983 requires a showing that Fortson has been deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. *Baker v. McCollan*, 443 U.S. 137 (1979). The Due Process Clause is not generally held to require the State to protect the life, liberty, and property of its citizens against invasion by private actors. *Piotrowski v. City of Houston*, 51 F.3d 512, 515 (5th Cir. 1995)(citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989)).

The conduct of private actors, such as Fortson's court-appointed attorney, does not constitute state action under 42 U.S.C. § 1983. *See Briscoe v. LaHue*, 460 U.S. 325, 329 (1983). Fortson's claims against Janet K. Kleban for ineffective assistance are not cognizable in a section 1983 action because his attorney is not a state actor. *Brooks v. Hughes,* 98 F.3d 868, 873 (5th Cir. 1996)(citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 324-25 (1981)); *Banuelos v. McFarland,* 41 F.3d 232, 234 (5th Cir. 1995)(holding that actions of counsel substitute in prison disciplinary hearing, like actions of public defender and private attorney, are not actions under color of state law for purposes of Section 1983); *Mills v. Criminal Dist. Court No. 3,* 837 F.2d 677, 679 (5th Cir. 1988)("private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983").

Fortson has failed to plead facts showing that he has been deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. Fortson's civil rights claims against Janet K. Kleban are DISMISSED as frivolous. This claim is dismissed without prejudice to permit Fortson to file a complaint under state law for malpractice, breach of contract, or other appropriate claim.

## VI. Conclusion

Fortson's motion to proceed in forma pauperis, (Docket Entry No. 2), is GRANTED. The action filed by Dante Fortson (SPN Inmate #02355590) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i). Any remaining pending motions are DENIED as moot.

The HCJ must deduct twenty percent of each deposit made to Fortson's inmate trust account and forward payments to the Court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, Fax: 512-936-2159;

(2) Thomas Katz, Manager of the Inmate Trust Fund, 1200 Baker Street, Houston, Texas 77002, Fax 713-755-4546; and

5

(3) the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on **MAY 1 0 2019**.

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE